*Judgment reversed and final judgment for appellant.*

Ross, P. J., and MATTHEWS, J., concur.

THE STATE, EX REL. REINHART, *v.* ROBINSON.

(Decided April 18, 1938.)

*Messrs. Murray & Murray,* for relator.
*Mr. William E. Didelius,* for respondent.

LLOYD, J. The city of Sandusky is a municipal corporation operating under a charter commission-manager form of government, all of its legislative and executive powers, except as in the charter otherwise provided, being vested in a commission of five elected

members, the term of office of each of whom is four years.

A vacancy caused on March 26, 1937, by the death of commissioner George J. Schade, whose term would have expired on December 31, 1937, was filled by appointment thereto of Edgar B. Robinson, the respondent. On December 13, 1937, Robert C. Beebe, another member of the commission, whose term of office expired on December 31, 1939, resigned therefrom; whereupon Robinson tendered his resignation at a regular meeting of the commission held December 20, 1937. The board, including Robinson, then consisted of four members. By vote of its three other members, the board refused to accept the resignation of Robinson. The commission having failed to appoint a successor to Beebe, the Board of Trustees of the Sinking Fund, at a duly called meeting held on December 27, 1937, chose Robinson to fill the unexpired term of Beebe. Robinson having thereupon qualified therefor by taking the prescribed oath of office and giving a surety bond as required by the charter, assumed the duties of a member of the commission on the same day, December 27, 1937, and has since continued to act in that capacity. On January 3, 1938, the commission, its personnel having changed as a result of a theretofore held municipal election, questioning the legality of Robinson's appointment, by a vote of three to two, Robinson being one of the dissenters, appointed the relator, William H. Reinhart, to fill the unexpired term of Beebe. Reinhart at this time was a member of the Democratic State Central Committee, from which he resigned on January 7, 1938, by letter to its chairman who, expressing regret for the loss of his services on the committee, advised Reinhart that it would be presented at the next meeting of the committee. On January 10 thereafter Reinhart qualified for the office of

city commissioner in the manner provided by the charter.

As a result of these various plays on the political checkerboard, an action in *quo warranto* has been commenced in this court by Reinhart as relator to oust Robinson from the office of city commissioner which he holds by appointment of the members of the sinking fund trustees.

The first question is: Has the relator Reinhart, who brings this action under claim of right to the office held by Robinson, any justifiable claim thereto?

It is contended that to be eligible to the office he should have resigned his membership in the Democratic State Central Committee prior to his appointment as a member of the city commission. We do not think Section 4 can be so interpreted. It provides certain pre-election requisites but the holding of another public office is not one of them. It does provide that "he shall not hold any other public office" with certain exceptions, and that if he "shall cease to possess any of the qualifications herein required, shall forfeit his office." Reinhart resigned the office held by him and communicated his resignation to the chairman of the Democratic State Central Committee and, at least so far as any facts here present indicate, he had a right to resign, and his resignation, unless withdrawn, was effective regardless of any opposing action the committee might take. It was optional with him, just as it was with Robinson in resigning from the commission; and holding no conflicting office at the time he qualified as a member of the commission, *prima facie,* he became entitled to that office, if a vacancy then existed therein.

The next question is: Did the sinking fund trustees, under the facts in evidence, possess the power to fill the Beebe vacancy by the appointment of Robinson, the city commission at the time of the appointment

consisting of three members, exclusive of Robinson. who had resigned therefrom?

In Section 5 of the charter it is provided that:

"Any vacancy in the city commission, except as otherwise provided in this charter, shall be filled by the remaining members by the vote of at least three. * * *

"If, by reason of resignations, deaths, failure to elect, or other circumstance, three or more vacancies exist or occur at the same time in said city commission, or if said city commission fails to fill any vacancy within ten days after the same occurs, then the trustees of the sinking fund shall make such number of appointments as may be necessary to constitute a city commission of three qualified members, which three members shall at once proceed to fill the remaining vacancies as hereinbefore provided. The clerk of the trustees of the sinking fund shall cause his certificate of their action to be entered on the journal of the city commission."

It is contended by Robinson that the clause therein "if said city commission fails to fill any vacancy within ten days after the same occurs" gives to the sinking fund trustees the power and imposes the duty to fill any such vacancy existing for ten days or more regardless of whether the city commission as then constituted, excluding the vacancies or vacancy to be filled, consisted of three or more members. However much this may have been the intention of the author thereof and of the electors who voted for its adoption, it is clear that Section 5 expressly provides otherwise. The power of the trustees of the sinking fund is to "make such number of appointments as may be necessary to constitute a city commission of three qualified members," their power to act in any other exigency then ceasing, for the reason that the charter section above quoted expressly provides that the three members of

the city commission thus qualified then "shall at once proceed to fill the remaining vacancies as hereinbefore provided," and the "hereinbefore provided" power of appointment is vested in the commission by the charter provision that "any vacancy in the city commission, except as otherwise provided in this charter, shall be filled by the remaining members by the vote of at least three"; and the "otherwise provided" power of the commission to appoint, so far as relates to the instant case, is vested in the trustees of the sinking fund only when "three or more vacancies exist or occur at the same time" the sole appointive function of the trustees of the sinking fund, as hereinbefore stated, being limited to making "such number of appointments as may be necessary to constitute a city commission of three qualified members." It is not the duty and ought not to be the privilege of judges to substitute their individual opinions as to what was intended in contradiction of what is expressly provided, or to supply by individual conjecture what has been expressly omitted.

Counsel for Robinson stated in his brief that "the charter framers intended that Section 5 should make the following provisions":

"(1) That if, through some circumstance, three or more vacancies should occur in the city commission at the same time, then the board of trustees of the sinking fund immediately should make such number of appointments as might be necessary to restore the membership of the city commission to three, which three members should then proceed to fill the remaining vacancies, and

"(2) That should one or two vacancies occur and not be filled by the remaining commissioners within ten days after their happening, then the board of trustees of the sinking fund should fill such one or two vacancies."

This amounts to an amendment of the section to

express its contended-for intended meaning, which this court may not and should not indulge in speculation, to accomplish.

Finding that Robinson is not entitled to the office which he holds, a writ of *quo warranto* will be issued to oust him therefrom.

*Writ granted.*

CARPENTER and OVERMYER, JJ., concur.